UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 13-18-HRW

AMBERLYN RENNE BAKER,                       PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on October 20, 2011, alleging disability beginning on September 1, 2011, due to problems with her left ankle and back, diabetes and depression and bipolar disorder (Tr. 161). This application was denied initially and on reconsideration. On August 29, 2012, an administrative hearing was conducted by Administrative Law Judge Dwight Wilkerson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gail Franklin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 12, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 17-25). Plaintiff was 22 years old at the time of the hearing decision. She has a 10th grade education and no past relevant work.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, affective disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19).

The ALJ determined that she has the residual functional capacity ("RFC") to perform medium work activity that requires no more than understanding, remembering, and carrying out simple and detailed tasks, sustaining attention for extended periods of two-hour segments for detailed tasks, and occasional superficial contact with co-workers, supervisors, and the public (Tr. 20-21, Finding No. 4). The ALJ also found Plaintiff could adapt to routine changes as needed (Tr. 21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 57-59). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 14] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

3

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly accorded greater weight to the nonexamining psychologist's opinion as opposed to the opinion of the consultative examining psychologist and (2) the hypothetical posed to the VE was flawed.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly accorded greater weight to the nonexamining psychologist's opinion as opposed to the opinion of the consultative examining psychologist.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical

4

"opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "State agency medical or p[s]ychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

Plaintiff urges that the opinion of Robert W. Noelker, a consultative psychologist, that Plaintiff has severe mental restriction should have been afforded dispositive weight by the ALJ.

Based upon the record, it would appear that the ALJ considered Dr. Noelker's opinion and properly accorded it little weight as he found his conclusions are largely based on Plaintiff's statements during the one-time interview and inconsistent with his own report (Tr. 23). For example, the ALJ properly reasoned that Dr. Noelker's evaluation notes contradict his opinions

5

(Tr. 23). Specifically, Dr. Noelker opined that Plaintiff's recent memory is impaired based on her lack of knowledge of the news of the day and that she could not identify the route taken to his office (Tr. 23, 278). However, the ALJ explained that Dr. Noelker's evaluation notes show Plaintiff's remote memory, ability to calculate, abstract thinking and judgment, were all intact as a reason for according little weight to Dr. Noelker's opinion of significant mental limitations (Tr. 23, 278). Additionally, Dr. Noelker's evaluation shows Plaintiff was oriented in all spheres, denied auditory or visual hallucinations, and had coherent and relevant speech (Tr. 278). The ALJ further explained that such a conclusion about Plaintiff's memory is inconsistent with Dr. Noelker's report that Plaintiff was able to recall three of three objects after a span of five minutes as well as recite six digits forward and four digits backward (Tr. 23, 278). Thus, the ALJ reasonably concluded that Plaintiff's inability to recall the route taken to Dr. Noelker's office or current news was because she simply was not paying attention to such matters, rather than forgetfulness (Tr. 23). Moreover, at the time of Dr. Noelker's evaluation, Plaintiff reportedly was not involved in any mental health treatment or taking medication (Tr. 279, 280). The evidence supports the ALJ's finding that Dr. Noelker's opinion is inconsistent with his mental evaluation of Plaintiff.

Additionally, other evidence of record fails to support Dr. Noelker's limitations. The ALJ acknowledged Plaintiff's medical history that shows she was admitted to North Key Community Care for psychiatric treatment from March 2005 to April 2005. Several diagnoses was given, including attention deficit/hyperactivity disorder, combined type; impulse control disorder, not otherwise specified; mood disorder not otherwise specified; reactive attachment disorder, posttraumatic stress disorder, and oppositional defiant disorder (Tr. 23, 262, 270). However, as

6

the ALJ noted, Plaintiff received good results with medication therapy, and there are no other records of treatment for any of the aforementioned conditions until May 2012 (Tr. 19, 22, 260-277, 286-301). In May 2012, Plaintiff reported suicidal ideation secondary to a break-up with her boyfriend (Tr. 288). Nevertheless, as discussed by the ALJ, follow-up therapy notes show Plaintiff had no significant risk factors for suicide, and the initial report shows Plaintiff had good attention/concentration, and intact recent and remote memory (Tr. 22, 287, 290, 299).

Additionally, Plaintiff's daily activities support the ALJ's RFC finding and weaken Dr. Noelker's opinion. She testified that she prepares meals, performs household chores, plays cards with her friends, talks to others on a daily basis, reads, watches television, spends time with her fiancé, and regularly goes to the library (Tr. 22, 170, 173, 180, 183, 187, 222, 297). The ALJ also observed that Plaintiff was able to answer questions appropriately at the 45-minute hearing (Tr. 22, 36-61).

The ALJ properly decided to give more weight to the opinion of Dr. Laura Cutler, the State agency psychologist over Dr. Noelker's opinion (Tr. 23, 88). According to Dr. Cutler, Plaintiff could understand, remember, and carry out simple and detailed instructions, sustain attention for extended periods of two-hour segments for detailed tasks, tolerate co-workers and supervisors with occasional contact with the public, and adapt to routine changes as needed (Tr. 23, 88). This opinion is consistent with the other evidence of record, cited herein.

Given the evidence of record, substantial evidence supports the ALJ's decision to give significant weight to Dr. Cutler's opinion.

Plaintiff's second claim of error is that the hypothetical posed to the VE was flawed. A review of the record establishes that the hypothetical question posed complied with this circuit's

long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

Plaintiff also cites medical evidence concerning her intermittent treatment for various physical complaints and injuries to her ankles, lumbar spine, left calf, cervical spine, abdominal pain, gastroenteritis, back pain, intrauterine pregnancy, right wrist injury, bronchitis, and dysfunctional uterine bleeding. However, other than stating that the records show a history of physical problems, she presents no real argument or alleges any legal error relating to this issue.

The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

[Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " ' [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2014.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge